IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAJEANA CAROLE MINERVINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00881 |
| ) | Judge Campbell/Frensley |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is now before the Court upon Defendant's "Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g), With Remand to Defendant." Docket No. 19. Defendant has also filed a Supporting Memorandum. Docket No. 19-1. Plaintiff has not filed a Response, but Defendant has stated that "Plaintiff's counsel has been contacted and has no objection to this motion." Docket No. 19, p. 1. Defendant maintains that:

> Agency counsel requested that the Appeals Council reconsider the agency's position in this case. Upon review, the Appeals Council agreed that a remand for further consideration of Plaintiff's alleged disability was appropriate. Defendant requests a remand under sentence four of 42 U.S.C. § 405(g).

Docket No. 19-1, p. 1.

Sentence four of § 405(g) states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." The Court of Appeals for

the Sixth Circuit has discussed the distinction between remanding under sentence four versus sentence six:

> It is clear . . . that sentence four of § 405(g) contemplates the type of remand involved in the present case – a remand after a final decision by the district court reversing the denial of benefits by the Secretary in order to correct an error by the Secretary in applying the regulations even if the rehearing to correct the error requires the taking of additional evidence. *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26, 110 L. Ed. 2d 563, 110 S. Ct. 2658 (1990) (sentence four provides appropriate relief when evidence on record is insufficient to support the Secretary's conclusions and further factfinding is necessary).

*Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

Defendant has indicated that further factfinding is necessary in this case:

> Upon remand, the Administrative Law Judge will be instructed to further evaluate the opinion evidence, including evidence from Willard West, M.D., (Tr. 533, 553) consistent with 20 C.F.R. §§ 404.1527 and 416.927, and further evaluate the claimant's residual functional capacity. If warranted, the Administrative Law Judge should obtain supplemental vocational expert evidence. The Administrative Law Judge should update the record, offer the claimant the opportunity for a new hearing, and issue a new decision.

Docket No. 19-1, p. 1.

"Unlike a 'sentence six' remand under § 405(g), which requires a showing of material new evidence and good cause for not previously incorporating such evidence into the record, a 'sentence four' remand under § 405(g) only requires that the remand be post-judgment and in conjunction with a decision affirming, modifying, or reversing the decision of the Commissioner." *Tolliver v. Apfel*, No. 99-6454, 2000 U.S. App. LEXIS 29211, at *6 (6th Cir. Nov. 8, 2000), *citing Faucher*, 17 F. 3d at 174.

Therefore, the undersigned recommends that the Court enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the ALJ's decision and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge

3

Case 3:19-cv-00881   Document 20   Filed 06/17/20   Page 3 of 3 PageID #: 708