UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAJEANA CAROLE MINERVINI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:19-cv-00881 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| ANDREW SAUL, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's "Motion for Attorney Fees under the Equal Access to Justice Act" (Doc. No. 23, the "Motion"). Plaintiff filed a memorandum and documentation in support of her Motion. (Doc. No. 24). Defendant filed a Response, stating that Defendant had no objections to Plaintiff's Motion. (Doc. No. 25 at 1).

For the reasons discussed below, the Motion is **GRANTED IN PART**.

### **FACTS AND BACKGROUND**

Plaintiff appealed a final administrative decision which denied her Supplemental Security Income ("SSI") under Title XVI and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Doc. No. 1). The Magistrate Judge entered a Report and Recommendation recommending the Court enter final judgment, reversing the administrative decision and remanding it to the Commissioner under 42 U.S.C. § 405(g). (Doc. No. 20). No objections to the Report and Recommendation were filed, and the Court reviewed and adopted the Report and Recommendation. (Doc. No. 21). Judgment was entered in this case on August 6, 2020. (Doc. No. 22).

Plaintiff filed the present Motion seeking attorney's fees in the amount of $640.55.

1

## DISCUSSION

Though the Motion is unopposed, under the Equal Access to Justice Act ("EAJA"), fees must be "reasonable," and thus this Court "has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case." *Jones v. Berryhill*, No. 6:17-CV-0153-SI, 2018 WL 770175, at *1 (D. Or. Feb. 7, 2018) (quoting *Schwitzke v. Berryhill*, 2017 WL 6558257, at *1 (W.D. Wash. Dec. 22, 2017)). The Court finds that attorney's fees are warranted in this case and that the number of hours worked was reasonable, but it does not find that the amount requested by Plaintiff is reasonable.

The EAJA has four requirements:

> (1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment.

*Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L.Ed.2d 134 (1990)).

A party is a prevailing party when they obtain a remand under 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 294, 303 (1993). This case was remanded under 42 U.S.C. § 402(g), and so Plaintiff is a prevailing party for purposes of the EAJA. (Doc. Nos. 20, 21). Defendant carries the burden of showing that its position was substantially justified, *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014), and since Defendant has not opposed the Motion or the Report and Recommendation, the Court cannot find Defendant to have met its burden. The Court is not aware of any special circumstances in this case. Additionally, "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." *Shalala*, 509 U.S. at 302. This Motion was timely filed.

The Court finds that EAJA fees are warranted under the act.

Plaintiff submitted an itemization of hours expended on this matter totaling 3.1 hours. (Doc. No. 24-1). Two hours of that time constituted initial review of the decision and a conference with the client prior to appealing to the Court. (*Id.*). The remaining work on the case, including conferencing with Defendant and reviewing various motions and the Report and Recommendation, took a total of 1.1 hours. (*Id.*). In Plaintiff's memorandum, counsel notes that they were retained only after all administrative proceedings were concluded, necessitating much of the time spent on the case being for an initial review. (Doc. No. 24 at 3).

Courts in the Sixth Circuit have found that a reasonable expenditure of time for representing a party seeking judicial review of a final administrative decision denying claims for DIB and SSI (as is the case here) ranges from 15-30 hours. *Edkins v. Comm'r of Soc. Sec.*, No. 1:15-CV-01322-PJG, 2017 WL 3115496, at *1 (W.D. Mich. July 21, 2017). As Plaintiff's counsel spent well below this range, the Court takes no issue with the amount of time counsel spent on this case and finds the time expended to have been reasonable.

As for the hourly rate, the EAJA provides that the maximum rate is $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Via her motion, Plaintiff requests a cost-of-living adjustment in the hourly rate from the $125 presumptive maximum under the EAJA to $206.63.[1] (Doc. No. 23 at 2). In making this request in her Motion, Plaintiff cites only to the Consumer Price Index ("CPI"). (*Id.*). Plaintiff also provided the Court with a declaration from one of her attorneys of record who focuses on

---

[1] Plaintiff clearly has based her requested attorney's fees ($640.55) on this requested adjusted hourly rate of $206.63, since it equals $640.55 when it is multiplied by 3.1 hours of work. Thus, the Court cannot fathom why counsel states in his affidavit that "I do not seek enhancement of the statutory EAJA rate of $125 per hour." (Doc. No. 24-3 at 2).

3

social security law in the three federal districts in Tennessee which states that $187.67 would be at the low end of an hourly rate for typical similar work, but that it would be reasonable. (Doc. No. 24-4 at 1).[2]

When requesting an increase in the EAJA's $125 hourly-fee rate, a plaintiff bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The EAJA's rate per hour is "a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). A decision to award a rate above the $125 statutory cap is within "the sound discretion of the district court." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).

The Sixth Circuit has explicitly held that "reference to the CPI alone is insufficient to sustain a plaintiff's burden; a plaintiff must also submit evidence that the requested rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017) (quoting *Bryant*, 578 F.3d at 450). Plaintiff here requests an upward adjustment of $81.63 per hour. Plaintiff, being unable rely solely on the CPI, has not provided the Court with sufficient evidence to make such an upward adjustment in its entirety. At most, Plaintiff has presented evidence (in the form of a single declaration) regarding the reasonableness of an hourly rate of $187.67,[3] which is $18.96 less than the requested hourly rate $206.63. (Doc. No. 24-4 at

---

[2] The declarant's reference to having a "published rate" of $450 when representing plaintiffs in ERISA-governed long-term disability cases does not move the needle, because: (i) this cases is not an ERISA-governed long-term disability case; and (ii) as far as the Court can tell, the declarant's "published" rate is not his actual of effective rate.

[3] The Court notes that to support the appropriateness of this number, the declarant cited *Rigger v. Berryhill*, 2017 U.S. Dist. LEXIS 73520 (E.D. Tenn. July 6, 2017), which was neither an EAJA case nor a contingency case, as the case here is. So *Rigger*'s technical applicability is questionable,

4

1). Therefore, the Court will award in attorney's fees in the amount of $581.78 (3.1 hours times $187.67 per hour), nearly but not quite Plaintiff's full requested amount.

In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the attorney's fees shall be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exits, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

## CONCLUSION

For the above-mentioned reasons, the Court **GRANTS IN PART** Plaintiff's Motion and the Court awards $581.78 in attorney's fees to Plaintiff.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

although the notion that the declarant's services are worth at least $187.67 does not seem at all unlikely.